**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2406

DEWEY TEEL; GAY TEEL,

　　　　　Plaintiffs - Appellants,

　　　v.

CHESAPEAKE APPALACHIA, LLC,

　　　　　Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.　Frederick P. Stamp, Jr., Senior District Judge.　(5:11-cv-00005-FPS)

Submitted:　September 30, 2013　　　Decided:　October 17, 2013

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Isak J. Howell, LAW OFFICE OF ISAK HOWELL, Lewisburg, West Virginia; Joseph M. Lovett, Lewisburg, West Virginia, for Appellants.　Timothy M. Miller, Joseph K. Merical, ROBINSON & MCELWEE, PLLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewey and Gay Teel (collectively the Teels) appeal the district court's order granting summary judgment to Chesapeake Appalachia, LLC (Chesapeake), on their claim of trespass under West Virginia common law arising from Chesapeake's construction of natural gas wells on a portion of the Teels' property.[*] The issues the Teels raise are indistinguishable from those we recently considered in Whiteman v. Chesapeake Appalachia, LLC, __ F.3d __, 2013 WL 4734969 (4th Cir. Sept. 4, 2013). We affirm.

Whiteman explained that "a claim for trespass under West Virginia common law can only lie if one's entry upon the land of another—or one's leaving a thing upon the land of another—is without lawful authority." Whiteman, 2013 WL 4734969, at *3 (internal quotation marks omitted). In situations, like here, where a property's surface and mineral estates have been severed, and in the absence of contrary language in the severance deed, the lawful authority of the mineral estate owner to enter and burden the surface estate is implied and limited to activities that are reasonably necessary for the exploitation of the mineral rights. Id. at *4-*7. The

---

[*] The Teels voluntarily dismissed the remainder of their claims with prejudice.

2

reasonable necessity analysis is fact-specific, and "what is necessary is a fluid concept that must be determined on a case by case basis." Id. at *4. Accordingly, when a mineral estate owner seeks to use the corresponding surface estate to facilitate mineral extraction, "it must be demonstrated . . . that the [use] is reasonably necessary for the extraction of the mineral" and does not substantially burden the surface estate. Id. at *6 (internal quotation marks omitted). Where, as here, the surface owner claims trespass based on the mineral estate owner's activities, the burden is on the surface owner to show a lack of reasonable necessity or a substantial burden. Id. at *7-*8.

As a threshold matter, the Teels argue that the district court erred by examining Chesapeake's activities only for reasonableness. As in Whiteman, however, we conclude that the district court applied the correct standard and did not err in looking to relevant case law from courts in other districts. Id. at *9-*10 & n.17. Similarly, there is no merit in the Teels' suggestion that the district court improperly examined West Virginia statutes and regulations to inform itself regarding the practices of the state's oil and gas industry and, thereby, the reasonable necessity of Chesapeake's actions. Id. at *10.

3

Turning to the sufficiency of the Teels' evidence to survive summary judgment, we conclude that Whiteman controls. As in Whiteman, the Teels' generalized evidence regarding Chesapeake's mining operations in dissimilar locations and at times subsequent to the events at issue here does not satisfy the fact-intensive and case-specific inquiry into the reasonable necessity of Chesapeake's actions on the Teels' property. Id. at *8-*9. The Teels also have failed to muster evidence plausibly suggesting that Chesapeake's operations impose a substantial burden on their property. Id. at *8.

Accordingly, we affirm the award of summary judgment to Chesapeake. We deny as moot Chesapeake's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4